UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

BRANDON HANSON,

                                                   PLAINTIFF,

                                    -AGAINST-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER ROMEO FRANCIS
Tax #945191, POLICE OFFICER GARCIA Tax #948030,
POLICE OFFICER GOLDEN Tax #948034, POLICE
OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE
#2, POLICE OFFICER JOHN DOE #3, individually, and
in their capacity as members of the New York City Police
Department,

                                        DEFENDANTS.

------------------------------------------------------------------------- x

**AMENDED COMPLAINT**

**ECF CASE**

**15-CV-1447 (SLT)(JO)**

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Brandon Hanson ("Mr. Hanson"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about November 28, 2013, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Mr. Hanson to *inter alia* and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Hanson, is a citizen of the United States and all times here relevant resided at 69 Washington Avenue, Brentwood, NY 11717.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Romeo Francis ("PO Francis"), Police Officer Garcia ("PO Garcia"), Police Officer Golden ("PO Golden"), and, Police Officers John Doe 1-3, at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Hanson is a single, 25 year old male.

11. Mr. Hanson works as a real estate broker in around the five boroughs of New York City, New York.

12.  On or about November 28, 2013, at approximately 3:00 am, Mr. Hanson was in front of Bourbon Street Bar on Bell Boulevard trying to get his watch back from unknown individual.

13. A patrol car was parked 15 to 20 feet away from Bourbon Street Bar, PO Garcia and PO Golden were parked in that marked police vehicle.

14. PO Garcia and PO Golden exited the vehicle and grabbed Mr. Hanson from behind and threw Mr. Hanson down on the ground.  Neither PO verbally alerted Mr. Hanson that they were police officers.

15. One of the aforementioned police officers threw Mr. Hanson to the ground which caused Mr. Hanson to chip his front tooth.

16. PO Garcia and PO Golden continued to beat Mr. Hanson in the neck and back causing him bruising and soreness about his torso.

17. Once pinned on the ground PO Garcia then stomped on Mr. Hanson about the body three times, causing such pain to Mr. Hanson that he briefly lost consciousness.

18. Several other police officers arrived on the scene.  PO Garcia had to be stopped from stomping on Mr. Hanson by another police officer.

19. PO Francis walked PO Garcia away from the immediate scene.

20. PO Golden stayed while Sergeant Zweigbaum place handcuffs on Mr. Hanson.

21. PO Garcia, PO Golden, PO Francis and Sergeant Zweigbaum are all familiar with Patrol Guideline 203-11 Use of Force.

22. Mr. Hanson lost consciousness while he was on the ground.

23. When Mr. Hanson regained consciousness he was in the back of the police car.

24. Mr. Hanson was in excruciating pain.

25. Mr. Hanson was taken to the 111th Precinct where he complained of being in pain. His complaints were unanswered by the police.

26. After several hours Mr. Hanson was taken to the 111th Precinct where he was processed.

27. Mr. Hanson was held at the 111th Precinct for several hours before being taken to Central Bookings, where again he was held for several hours.

28. PO Francis, as the arresting officer spoke with the Assistant DA regarding Mr. Hanson's case. PO Francis never mention to the ADA about the force he witnessed PO Garcia use.

29. On November 28, 2013, Mr. Hanson was arraigned and charged with two counts of Assault in the 2nd Degree, Resisting Arrest and three counts of Disorderly Conduct.

30. Mr. Hanson pled not guilty.

31. PO Garcia and PO Golden were interview by the Queen's District Attorney's Office and never relayed the amount of force that the used in Mr. Hanson's arrest.

32. Mr. Hanson was subsequently required to make numerous court appearances. On January 6, 2014, there was no grand jury action and his case was reduced to a misdemeanor.

33. At all of the court appearances Mr. Hanson's case was adjourned to a later date.

34. On or about February 6, 2014, the case was adjourned in contemplation of dismissal. In August 2014 all charges against Mr. Hanson were dismissed.

35. After his release on November 28, 2013, Mr. Hanson still in pain, suffered from bruising, scratches, soreness, a chipped tooth and a black right eye.

36. Mr. Hanson, had to go to the dentist to fix chipped tooth.

37. Mr. Hanson continues to feel traumatized by the events of November 28, 2013, and is wary and fearful when he sees police officers.  Mr. Hanson takes efforts to avoid police officers when in public.

38. Mr. Hanson suffered at work following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty, and financial loss.


## FIRST CAUSE OF ACTION

### (42 USC 1983 – False Arrest)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

42. Defendants confined plaintiff.

43. Plaintiff was aware of, and did not consent to, his confinement.

44. The confinement was not privileged.

45. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


## SECOND CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

48. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

49. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

50. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

51. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

52. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was denied the right to a fair trial.

53. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

54. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Monell Claim)

55.  Plaintiff repeats and realleges each of the proceeding allegation of this Complaint as if fully set forth herein.

56. The violations of Mr. Hanson's civil rights including deliberate indifference to and reckless disregard of Plaintiff's safety, injuries and medical needs, as set forth above, were the direct and proximate results of defendant New York City and the New York City Police Department longstanding customs, and practices at all relevant times.

57. Such customs and practices include, inter alia: an ongoing pattern and practice of deliberate indifference in training, and subsequent deliberate indifference in supervision and discipline of police officers who use excessive force.

58. New York City and New York City Police Department has expressly or tacitly encouraged, ratified and/or approved of the acts and/or omissions alleged and knew that such conduct was unjustified and would result in a violation of Constitutional rights.

59. This is reiterated by an October 1, 2015, the Department of Investigations issued a report: "Police Use of Force in New York City: Findings and Recommendations on NYPD's Policies and Practices."  The findings of the Department of Investigations report mimic deliberate indifferences in training and indifferent supervision: that NYPD's current use of force policy is vague and imprecise, providing little guidance to individual officers; NYPD's current procedure for documenting and reporting force

incidents are fragmented …officers use generic language that fails to capture the specifics of the encounter; NYPd's Patrol Guide does not properly instruct officers to de-escalate encounters with the public.

60. As a result of the foregoing, Mr. Hanson was subjected to severe pain, mental anguish, distress and physical injury which were the direct and proximate result of New York City's and New York City Police Department's practices.

## JURY DEMAND

61. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            April 29, 2016

By:  _____
     Elizabeth Crotty

     Crotty Saland PC
     Attorney for Plaintiff
     52 Duane Street, 7th Floor
     New York, NY 10007
     (212) 312-7129